UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOBBY RAND GOLDEN, Jr. | CIVIL ACTION |
| VERSUS | NO: 26-39 |
| SERGEANT FORD, ET AL. | SECTION: "A" (3) |

**ORDER AND REASONS**

Before the Court is *pro se* Plaintiff Bobby Rand Golden, Jr.'s **Motion to Reopen Case (Rec. Doc. 39)**. For the following reasons, the Court construes Plaintiff's motion as a motion for post-judgment relief under Federal Rule of Civil Procedure 60(b) and DENIES the motion.

## I. Background

On August 20, 2026, Magistrate Judge Eva J. Dossier entered a Report and Recommendations ("Report") as to the above-captioned action, recommending that Plaintiff's § 1983 claims against Sergeant Ford, "Jefferson Parish Correctional Center Medical Personnel," and "Jefferson Parish Correctional Center Security Administration", as well as his § 1983 claims of unlawful arrest, excessive force during search/arrest, and unlawful seizure of vehicle against Detective Charles Carollo, Detective Carl Marshall, Detective Patrick Evans, Sergeant Josh Bermudez, Derek Green, Keith Branchcomb, Blake Holliefield, and Sergeant Julio Alvarado, be dismissed with prejudice as they are frivolous and/or fail to state a claim on which relief may be granted. (R. Doc. 31 at 28). The Report further recommended that Plaintiff's § 1983 claims of food tampering, foul language, and deliberate indifference to serious medical needs, and his request that defendants be criminally prosecuted be dismissed with prejudice as they are frivolous and/or fail to state a claim on which relief may be granted. (*Id.*) The Report also recommended that Plaintiff's request for habeas relief be

dismissed without prejudice as legally frivolous and for seeking relief that cannot be granted in a § 1983 civil rights proceeding. (*Id.*) Finally, the Report recommended that Plaintiff's claim for false imprisonment against Detective Charles Carollo, Detective Carl Marshall, Detective Patrick Evans, Sergeant Josh Bermudez, Derek Green, Keith Branchcomb, Blake Holliefield, and Sergeant Julio Alvarado be stayed and the matter be closed (*Id.* at 28-9).

Objections to the Report were due no later than September 9, 2026. No objections were filed by this date. On September 11, 2026, the Court accepted the magistrate judge's report and recommendations as those of the Court (R. Doc. 33, Order Adopting Report and Recommendations) and pursuant to Rule 54(b), dismissed with prejudice Golden's § 1983 claims and dismissed without prejudice his request for habeas relief. (R. Doc. 34, Rule 54(B) Judgment).

On September 24, 2026, Plaintiff filed a motion for extension of time to reply/file his objections to the Report. (R. Doc. 35). The Court granted the motion and extended the deadline to Friday, October 30, 2026. (R. Doc. 36). No objections were filed by this date. Plaintiff now moves to re-open the case.

## II. Legal Standard and Analysis

Plaintiff's motion does not reference any legal authority that would entitle him to the relief he seeks. Because Plaintiff is seeking to reopen the case after it was dismissed, the Court construes Plaintiff's motion as seeking relief under Federal Rule of Civil Procedure Rule 60(b), which allows the Court to relieve a party from a final judgment or order under certain circumstances. Under Federal Rule of Civil Procedure Rule 60(b)(1), relief is available if the movant can show "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Additionally, under the catch-all provision in Rule 60(b)(6), the Court may relieve a party from a final order for "any other reason that justifies relief," but this clause is reserved for exceptional circumstances. *See* Fed. R. Civ.

P. 60(b)(6); *D'Aquin v. HANO*, No. CV 25-1165, 2025 WL 3281768, at *1 (E.D. La. Nov. 25, 2025).

The Fifth Circuit has instructed the district courts to give pro se papers "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). However, even *pro se* litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief. *Vafaiyan v. City of Wichita Falls*, 398 Fed.Appx. 989, 990 (5th Cir. 2010) (cleaned up). "The burden of establishing at least one of the Rule 60(b) requirements is on [Plaintiff] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (internal citations omitted). Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief. *D'Aquin*, 2025 WL 3281768, at *1 (cleaned up).

Construing Plaintiff's motion liberally in light of his *pro se* status, the Court finds that Plaintiff has not shown that any of the Rule 60(b) factors are present. Plaintiff's *pro se* status does not relieve him from complying with relevant procedural rules, substantive law, or the court's orders. Further, even construing the instant motion as Plaintiff's objections to the magistrate's Report, the "objections" consist entirely of similar iterations of what appear to be the same facts from the original filings, previously reviewed and considered by the Court in adopting the magistrate's Report in its entirety. It is not until the last paragraph of his motion that Plaintiff appears to address his failure to provide timely objections to the Report and Recommendations, alleging that after being released from Northlake Behavioral Health System, he "was not set another Court date," and that he "file[d] for a motion of extension of time while being incarcerated at [N]orthlake." (R. Doc. 39 at 17). Notably, notice of the Court's order granting Plaintiff's motion for extension of time to reply/file objections to the Report was mailed to Plaintiff and was not returned as undeliverable. Regardless of his

*pro se* status, Plaintiff was clearly aware of his duty to timely reply to the Report, as well as his duty to notify the Court of any address changes.[1]

Having found that none of the Rule 60(b) factors that would allow the Court to relieve Plaintiff from the Rule 54(b) judgment are present, the Court finds that Plaintiff is not entitled to relief under Rule 60(b).

Accordingly;

**IT IS ORDERED** that the **Motion to Reopen Case (Rec. Doc. 39)**, filed by Plaintiff, Bobby Rand Golden, Jr., is **DENIED**.

New Orleans, Louisiana, 19 November 2026

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

[1] As recently as November 6, 2026, Plaintiff successfully notified the Court of a change of address. (R. Doc. 40).